<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **CRIMINAL DOCKET** |
| | : | **NO.: 0313 3:25CR00169-001** |
| | : | |
| SALVATORE BILOTTI | : | |

<u>**DEFENDANT SALVATORE BILOTTI'S SENTENCING MEMORANDUM**</u>

Through Counsel, Defendant, Salvatore Bilotti, files the following Sentencing

Memorandum setting forth all factors that he requests the Court consider in determining what

sentence is sufficient, but not greater than necessary, to comply with the statutory directives set

forth in 18 U.S.C. § 3553 (a).

This Court is well aware that the primary directive in Section 3553(a) is for sentencing

courts to "impose a sentence sufficient, but not greater than necessary, to comply with the

purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to
provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant, and
(D) to provide the defendant with needed educational or vocational training, medical
care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing

courts to consider the following factors:

1) the nature and circumstances of the offense and the history and characteristics of the
defendant;
2) the kinds of sentences available;

3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
4) the need to provide restitution to any victims of the offense.

In sum, in every case, a sentencing court must consider of the § 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.

I.    **UNDER 3353(a) THE PRIMARY DIRECTIVE IS FOR SENTENCING COURTS TO IMPOSE A SENTENCE "SUFFICIENT, BUT NOT GREATER THAN NECESSARY…"**

While this Court must correctly calculate the guideline range, *Gall v. United States*, 552 U.S. 38, 49 (2007), that range is not mandatory nor presumptive, *Id.* at 51; *Nelson v. United States*, 555 U.S. 350, 352 (2009), but must treat it as "one factor among several" to be considered in imposing an appropriate sentence under § 3553(a). *Kimbrough v United States*, 552 U.S. 85, 90 (2007). The Court must "consider all of the § 3553(a) factors", "make an individualized assessment based on the facts presented," *id.* at 49-50, and explain how the facts relate to the purposes of sentencing. *Id.* at 53-60; *Pepper v. United States*, 131 S. Ct. 1229, 1242- 43 (2011). The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Id.* at 101; *Pepper*, 131 S. Ct. at 1242-43.

A key component of recent Supreme Court cases, designed to ensure that the guidelines are truly advisory and constitutional, is the authority of this Court to disagree with a guideline as a matter of policy. Because "the Guidelines are now advisory. . . , as a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough*, 552 U.S. at 101-02 (internal punctuation omitted) (citing *Rita v. United States*, 551 U.S. 338, 351 (2007) (district courts may find that the "Guidelines sentence itself fails properly to reflect § 3553(a) considerations"). As the Supreme Court held in

*Kimbrough*, because "the cocaine Guidelines, like all other Guidelines, are advisory only," it "would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Kimbrough*, 552 U.S. at 91, 109-10; *see also Spears v. United States*, 555 U.S. 261, 267 (2009) ("[D]istrict courts are entitled to vary from the crack cocaine Guidelines in a mine-run case where there are no 'particular circumstances' that would otherwise justify a variance from the Guidelines' sentencing range.").

In making an individualized assessment of Mr. Bilotti, based on all the facts presented pursuant to *Kimbrough v. United States*, and in considering "all of the § 3553(a) factors," a sentence of supervised release is appropriate.

## II.   SENTENCING FACTORS UNDER TITLE 18 SECTION 3553(a)

### A.  3553 (a)(1) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

a.   Nature and Circumstances of the Offense:

On April 9, 2024, Defendant Salvatore Bilotti appeared before this Honorable Court and pled guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(C). It is requested that this Court impose a fair and reasonable sentence considering the United Sentencing Guidelines and other applicable law, the facts and circumstances of the offense and Mr. Bilotti's personal background and history.

In June 2023, an investigation into the drug trafficking activities of Roman Rippert, believed to be a trafficker of methamphetamine, was initiated. During this investigation, investigators intercepted cell phone communications from the Defendant and identified him as a potential source of illicit pills. Throughout the investigation, the Defendant was seen meeting with Mr. Rippert on nine occasions, between February 8, 2024, and April 1, 2024. During this

time, the Defendant distributed nine grams of oxycodone to Mr. Rippert. On April 5, 2024, investigators obtained search warrants for the Defendant's residence and vehicle.

On April 9, 2024, law enforcement executed the search warrants. During this search, a black Ford F-150, which investigators had previously witnessed the Defendant driving, was seen parked near the Defendant's residence. During a search of the vehicle, law enforcement discovered and seized 54 blue pills inscribed "ALG 265," 37 light green pills inscribed "M," 17 orange pills inscribed "401," and 22 light-colored circular pills inscribed "ALG 264." DEA laboratory tests showed that these pills contained a total of 12.4 grams of oxycodone. As part of the Defendant's plea, the Defendant agrees he is responsible for 21.4 grams of oxycodone.

b.  History and Characteristics of the Defendant

Mr. Bilotti is a member of the Carpenters Union Local 158.  He was in the pre-apprentice program from March 2024 to August 2024, and officially became a member of the union on September 1, 2024.  He begins his second year as an apprentice on September 10, 2025. The Defendant was born in Philadelphia, Pennsylvania. His childhood was less than ideal, growing up in a dysfunctional home in South Philadelphia. He had little guidance as his mother was addicted to drugs and would disappear from the home for months at a time. As a child, the defendant would help his father search the neighborhoods for his missing mother. During this time, his sister also began using drugs and eventually became addicted. These events happening during the Defendant's most formative years had a lasting impact. When the Defendant was 21 years old, his mother died of a drug overdose. Shortly thereafter, his father moved out and the Defendant and his sister lived together in their childhood home. After being unable to afford the house, the Defendant and his sister became homeless. The defendant is now in a relationship and lives with his Girlfriend at 2613 South 17th Street in Philadelphia. Mr. Bilotti is a devoted father

of his two sons, 20 and 8 years old, and his two daughters, 9 and 6 years old. Unfortunately, he now has limited contact with his 9-year-old daughter, Grace, because of a strained relationship with her mother. The other two minor children, Sonny and Maci, live with Mr. Bilotti. The mother of Mr. Bilotti's youngest children suffers from severe mental health issues. Mr. Bilotti has been the children's sole caregiver since their mother attempted suicide last year. The children's mother is from Canada, where the maternal grandparents still reside. If Mr. Bilotti is incarcerated as a result of this case, it is likely that the children will need to move to Canada to be cared for by the maternal grandparents.

The Defendant has had history with addiction, starting with recreational drug use at age 14. The Defendant would experiment with marijuana, Xanax, and Percocet until his mother's death. After his mother's death, the Defendant became reliant on these drugs, as well as cocaine and heroin. In 2012, the Defendant was ordered to attend inpatient drug treatment. He completed treatment in 2013. After a 2016 conviction, the Defendant abstained from drugs for five years, until he began using prescription drugs once again. All the Defendant's convictions were drug related. In May of 2025, Mr. Bilotti completed outpatient treatment at the Wedge Medical Center in Philadelphia. He has remained sober since April of 2024.

Mr. Bilotti's friends and family have submitted character letters on his behalf outlining his less-than-ideal childhood and his character despite his up brining. (Exhibit A - Letters from Family and Friends[1]).

B. 3553 (a)(2) THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE

---

[1] letters will be sent to the Court, counsel, and probation, via email, with the Court's permission

The conduct of Mr. Bilotti is undoubtedly serious and thus the sentence must reflect the fact that such conduct will not be tolerated under any circumstances, and it should be punished to promote respect for the law and to provide *just* punishment.

It is respectfully requested that the Court consider a sentence of supervised release in consideration of Mr. Bilotti's significant remorse and background.

C.  3553 (a)(3) THE NEED TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT, AND TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT

A sentence of a term of supervised release would not create unwarranted disparity among defendants found guilty of similar conduct given Mr. Bilotti's past history, personal characteristics and post offense rehabilitation. The Court has great flexibility in this case in imposing sentence. Such a sentence sufficiently punishes Mr. Bilotti considering his background, criminal history and nature of the offense.

D.      3553(a)(4) THE NEED TO PROVIDE THE DEFENDANT WITH EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE, OR OTHER CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER

Mr. Bilotti is a member of the Carpenters Union Local 158.  He was in the pre-apprentice program from March 2024 to August 2024, and officially became a member of the union on September 1, 2024.  He begins his second year as an apprentice on September 10, 2025. The need for educational or vocational training is minimal.

E.  3553(a)(5) THE GUIDELINES AND POLICY STATEMENTS ISSUED BY THE SENTENCING COMMISSION

The Court will obviously consider the guidelines and policy statements of the sentencing commission at the time of sentencing.

F.  3553(a)(6) THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES
AMONG DEFENDANTS WITH SIMILAR RECORDS WHO HAVE BEEN FOUND
GUILTY OF SIMILAR CONDUCT

A sentence of supervised release would avoid unwarranted disparity among defendants in

related cases.

Mr. Bilotti pleaded guilty and accepted responsibility for his actions. As stated above,

Mr. Bilotti has significant addiction issues that he has been dealing with for most of his life.

Furthermore, Mr. Bilotti's prior convictions are not violent in nature. A sentence of supervised

release is appropriate given the circumstances of Mr. Bilotti's acceptance of responsibility.

G. 3553(a)(7) THE NEED TO PROVIDE RESTITUTION TO ANY VICTIMS OF THE
OFFENSE

In the present case, restitution is not at issue.

## III.    CONCLUSION

For the reasons stated above, and any other reasons within the Court's sound discretion, Mr.

Bilotti respectfully requests that this Court impose a sentence of supervised release.

Respectfully Submitted,

/s/ GREGORY J. PAGANO

Gregory J. Pagano, Esquire
Attorney for Salvatore Bilotti

Date: December 30, 2025

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL DOCKET** |
| | **:** | **NO.: 0313 3:25CR00169-001** |
| | **:** | |
| | **:** | |
| **SALVATORE BILOTTI** | **:** | |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Sentencing Memorandum has

been served upon A.U.S.A. Angella N. Middleton via the Court's Electronic Filing System.

_____/s/_____
GREGORY J. PAGANO, ESQUIRE